IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CYNTHIA LYNN T.,[1]                          3:18-cv-01558-BR

       Plaintiff,                       OPINION AND ORDER

v.

Commissioner, Social
Security Administration,

       Defendant.


**CYNTHIA LYNN THOMPSON**
20300 S.E. Morrison-Terrace
Apt. 1027
Gresham, OR 97030
(503) 915-9477

       Plaintiff, *Pro Se*

---

[1] In the interest of privacy this Court uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 - OPINION AND ORDER

**BILLY J. WILLIAMS**
United States Attorney
**RENATA GOWIE**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1003

**MICHAEL W. PILE**
Acting Regional Chief Counsel
**MARTHA A. BODEN**
Social Security Administration
Office of the General Counsel
701 Fifth Avenue
Suite 2900 M/S221A
Seattle, WA 98104-7075
(206) 615-3710

       Attorneys for Defendant

**BROWN, Senior Judge.**

Plaintiff Cynthia Lynn T. seeks judicial review of a final decision of the Commissioner of the Social Security Administration (SSA) in which he denied Plaintiff's applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) under Titles XVI and II of the Social Security Act.

For the reasons that follow, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter.

### ADMINISTRATIVE HISTORY

Plaintiff filed her application for DIB on January 26, 2015,

and her application for SSI on March 9, 2015. Tr. 198-207.[2] Plaintiff alleged a disability onset date of May 23, 2013. Her applications were denied initially and on reconsideration. An Administrative Law Judge (ALJ) held a hearing on April 26, 2017. Tr. 35-65. Plaintiff and a vocational expert (VE) testified at the hearing and Plaintiff was represented by an attorney.

On September 19, 2017, the ALJ issued an opinion in which she found Plaintiff is not disabled and, therefore, is not entitled to benefits. Tr. 13-30. Pursuant to 20 C.F.R. § 404.984(d), those decisions became the final decisions of the Commissioner on June 19, 2018, when the Appeals Council denied Plaintiff's request for review. Tr. 1-6. *See Sims v. Apfel*, 530 U.S. 103, 106-07 (2000).

## BACKGROUND

Plaintiff was born on December 8, 1961. Tr. 198. Plaintiff was 55 years old at the time of the hearing. Plaintiff has an Associates Degree. Tr. 40. Plaintiff has past relevant work experience as a cashier and administrative sales clerk/sales manager. Tr. 29.

Plaintiff alleges disability due to a work injury to her left hip and right shoulder, a "shoulder issue requiring

---

[2] Citations to the official transcript of record filed by the Commissioner on November 28, 2017, are referred to as "Tr."

3 - OPINION AND ORDER

surgery," "kidney issues," and issues because of "necessary high doses of opiate meds." Tr. 229.

Except when noted, Plaintiff does not challenge the ALJ's summary of the medical evidence. After carefully reviewing the medical records, this Court adopts the ALJ's summary of the medical evidence. *See* Tr. 16-19, 22-28.

## **STANDARDS**

The initial burden of proof rests on the claimant to establish disability. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). To meet this burden, a claimant must demonstrate her inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The ALJ must develop the record when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence. *McLeod v. Astrue*, 640 F.3d 881, 885 (9th Cir. 2011)(quoting *Mayes v. Massanari,* 276 F.3d 453, 459-60 (9th Cir. 2001)).

The district court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g). *See also Brewes v. Comm'r of Soc. Sec. Admin.,*

682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Molina*, 674 F.3d. at 1110-11 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). "It is more than a mere scintilla [of evidence] but less than a preponderance." *Id.* (citing *Valentine*, 574 F.3d at 690).

The ALJ is responsible for determining credibility, resolving conflicts in the medical evidence, and resolving ambiguities. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). The court must weigh all of the evidence whether it supports or detracts from the Commissioner's decision. *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). Even when the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's findings if they are supported by inferences reasonably drawn from the record. *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012). The court may not substitute its judgment for that of the Commissioner. *Widmark v. Barnhart*, 454 F.3d 1063, 1070 (9th Cir. 2006).

## DISABILITY ANALYSIS

### I. The Regulatory Sequential Evaluation

At Step One the claimant is not disabled if the Commissioner

5 - OPINION AND ORDER

determines the claimant is engaged in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). *See also Keyser v. Comm'r of Soc. Sec.*, 648 F.3d 721, 724 (9th Cir. 2011).

At Step Two the claimant is not disabled if the Commissioner determines the claimant does not have any medically severe impairments or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). *See also Keyser*, 648 F.3d at 724.

At Step Three the claimant is disabled if the Commissioner determines the claimant's impairments meet or equal one of the listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). *See also Keyser*, 648 F.3d at 724. The criteria for the listed impairments, known as Listings, are enumerated in 20 C.F.R. part 404, subpart P, appendix 1 (Listed Impairments).

If the Commissioner proceeds beyond Step Three, he must assess the claimant's residual functional capacity (RFC). The claimant's RFC is an assessment of the sustained, work-related physical and mental activities the claimant can still do on a regular and continuing basis despite her limitations. 20 C.F.R. §§ 404.1520(e), 416.920(e). *See also* Social Security Ruling (SSR) 96-8p. "A 'regular and continuing basis' means 8 hours a

day, for 5 days a week, or an equivalent schedule." SSR 96-8p, at *1. In other words, the Social Security Act does not require complete incapacity to be disabled. *Taylor v. Comm'r of Soc. Sec. Admin.*, 659 F.3d 1228, 1234-35 (9th Cir. 2011)(citing *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

At Step Four the claimant is not disabled if the Commissioner determines the claimant retains the RFC to perform work she has done in the past. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). *See also Keyser*, 648 F.3d at 724.

If the Commissioner reaches Step Five, he must determine whether the claimant is able to do any other work that exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). *See also Keyser*, 648 F.3d at 724-25. Here the burden shifts to the Commissioner to show a significant number of jobs exist in the national economy that the claimant can perform. *Lockwood v. Comm'r Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010). The Commissioner may satisfy this burden through the testimony of a VE or by reference to the Medical-Vocational Guidelines set forth in the regulations at 20 C.F.R. part 404, subpart P, appendix 2. If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1).

**ALJ'S FINDINGS**

At Step One the ALJ found Plaintiff has not engaged in substantial gainful activity since her May 23, 2013, alleged onset date. Tr. 15.

At Step Two the ALJ found Plaintiff has the severe impairments of degenerative disc disease of the lumbar spine, "status post arthroscopic right rotator cuff repair and distal clavicle excision," degenerative joint disease, "left trochanter bursitis," and obesity. Tr. 16. The ALJ found Plaintiff's sleep apnea, type two diabetes, restless leg syndrome, anxiety, "opioid drug dependence in remission[,] . . . status post jaw surgeries and extraction of remaining teeth[,] . . . and a history of acute renal failure" are not severe impairments. Tr. 18-19.

At Step Three the ALJ concluded Plaintiff's medically determinable impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. part 404, subpart P, appendix 1. Tr. 19-20. The ALJ found Plaintiff has the RFC to perform light work with the following limitations: occasional climbing ramps and stairs, balancing, stooping, crouching, kneeling, and overhead reaching with the right extremity; never crawling or climbing ladders, ropes, or scaffolds; avoiding concentrated exposure to vibration and hazards; and the "option to change position from sitting to standing in 20-30 minute increments." Tr. 20.

8 - OPINION AND ORDER

At Step Four the ALJ found Plaintiff is able to perform her past relevant work as a cashier and administrative clerk/sales manager. Tr. 29. Accordingly, the ALJ concluded Plaintiff is not disabled. Tr. 29-30.

## DISCUSSION

Plaintiff contends the ALJ erred when she failed to develop the record sufficiently. Plaintiff also asserts the Court should consider new evidence submitted by Plaintiff to establish her impairments.

**I.    The ALJ did not fail to develop the record sufficiently.**

Plaintiff asserts the ALJ failed to develop the record sufficiently when she failed to order "a current examin[ation] of [Plaintiff's] impairments by an unbiased medical expert" and failed to require a medical expert to review Plaintiff's file and to testify at the hearing.

The Commissioner bears the burden to develop the record. *Reed v. Massanari*, 270 F.3d 838, 841 (9th Cir. 2001). When important medical evidence is incomplete, the ALJ has a duty to recontact the provider for clarification. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). *See also Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)(ALJ has a "special duty to fully and fairly develop the record" even when claimant is represented by an attorney).

9 - OPINION AND ORDER

"Critical to the fair and effective operation of the system for distributing social security benefits based on disability is the gathering and presentation of medical evidence." *Reed*, 270 F.3d at 841 (citation omitted). Although the burden to demonstrate a disability lies with the claimant, "it is equally clear the ALJ has a duty to assist in developing the record." *Id.* (citing 20 C.F.R. §§ 404.1512(d)-(f), 416.912(d)-(f)

"One of the means available to an ALJ to supplement an inadequate medical record is to order a consultative examination, *i.e.*, 'a physical or mental examination or test purchased for [a claimant] at [the Social Security Administration's] request and expense.'" *Reed*, 270 F.3d at 841 (quoting 20 C.F.R. §§ 404.1519, 416.919). "[T]he Commissioner has broad latitude in ordering a consultative examination." *Id.* at 842 (quotation omitted). Certain kinds of cases "normally require a consultative examination," including cases in which "additional evidence needed is not contained in the records of [Plaintiff's] medical sources" and cases involving an "ambiguity or insufficiency in the evidence [that] must be resolved." *Id.* (quoting 20 C.F.R. §§ 404.1519a(b)(1),(4), and 416.919a(b)(1),(4)).

In January 2014 Plaintiff's treating osteopath, Kevin Kane, M.D., released Plaintiff to work without restriction. Tr. 347. In February 2014 Dr. Kane noted Plaintiff had returned to work and was "tolerating this well." Tr. 381. Although Plaintiff

reported hip, back, and shoulder pain, an MRI of Plaintiff's lumbar spine was "grossly normal." Tr. 494. The MRI showed "minimal posterior disk bulges without other evidence of significant degenerative disk disease" from "T12-L1 through L4-5," mild foraminal narrowing at L5-S1, and "no evidence of significant degenerative disk disease at the remaining levels of the lumbar spine." Tr. 494. An MRI of Plaintiff's left hip reflected "some degenerative changes . . . to the labrium without tear and minor arthritic changes to the acetabulum." Tr. 509. In addition, the record reflects Plaintiff was not compliant with her physical therapy. Specifically, Plaintiff's treating physician, Robert Foege, M.D., noted on September 1, 2015, that Plaintiff missed "multiple physical therapy appointments, and at home, seems to alternate between overactivity and immobilizing [her shoulder] with a sling." Tr. 769. Dr. Foege noted Plaintiff "required and continues to require large doses of analgesics. I believe . . . this has likely provided an obstacle to her rehabilitation, and may also have sensitized her through the mechanism of opioid-induced hyperalgesia." Tr. 769. The record reflects by October 2016 Plaintiff's primary diagnosis was "opioid dependence (severe use disorder)." Tr. 904. On October 4, 2016, Plaintiff presented at her doctor's office with her husband regarding "concern[s] for abnormal behavior." Tr. 900. At that time Plaintiff reported she had been snorting

11- OPINION AND ORDER

oxycodone for the prior 2-3 months. Plaintiff stated she had "snorted 1.5 tablets of oxycodone . . . [and] passed out in [her] car." Tr. 900. On October 12, 2016, Plaintiff's treating physician, Melissa Hayden, M.D., reported it was "not safe to continue to prescribe opiates [to Plaintiff]." Tr. 909. Dr. Hayden discontinued Plaintiff's oxycodone prescription and prescribed "medications for withdrawal management." Tr. 909. Plaintiff ultimately began taking methadone and stopped using oxycodone. By March 2017 Dr. Hayden reported Plaintiff's opioid-use disorder was in early remission. Tr. 1065. The record does not contain any opinion by any treating or examining provider that Plaintiff had other impairments that prohibited her from returning to work.

Accordingly, the Court concludes the record is not ambiguous or insufficient, and, therefore, the ALJ did not err when she did not order a consultative medical examination or request testimony from a medical expert at the hearing.

## II. New Evidence

Plaintiff requests the Court to consider documents she submitted with her opening brief when evaluating her claim.

"Under 42 U.S.C. § 405(g), '[r]emand for consideration of new evidence is appropriate if a claimant presents evidence that is material to determining disability, and there is good cause for the failure to produce the evidence earlier.'" *Peace v.*

*Berryhill*, No. 17-CV-04410-JSC, 2018 WL 3549069, at *7 (N.D. Cal. July 24, 2018)(quoting *Wainwright v. Sec'y of Health & Human Servs.*, 939 F.2d 680, 682 (9th Cir. 1991)). "To obtain remand, 'a claimant must present new evidence that is material, *i.e.*, it must bear directly and substantially on the matter in dispute, and the claimant must show a reasonable possibility that the new evidence would have changed the outcome of the administrative hearing.'" *Peace*, 2018 WL 3549069, at *7 (quoting *Miller v. Berryhill*, No. 16-56635, 2018 WL 1979003, at *2 (9th Cir. Apr. 27, 2018)(citations and quotations omitted)).

Plaintiff requests the Court to consider a March 2019 Work Status Report from treating physician Kamala Nyamathi, M.D., in which Dr. Nyamathi notes Plaintiff "is placed on modified activity at work and at home from 3/28/19 through 9/28/2019. If modified activity is not accommodated by the employer then [Plaintiff] is considered temporarily and totally disabled from [her] regular work." Pl.'s Brief, Ex. 1 at 1. Dr. Nyamathi notes Plaintiff "is in the process of pursuing knee surgery for her knee pain but this is on hold due to her BMI. This will be re-evaluated in 6 months." *Id*.

Even if this new evidence pertained to the application period at issue, it does not indicate Plaintiff is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . .

13- OPINION AND ORDER

has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Dr. Nyamathi indicates Plaintiff would be "temporarily" disabled from work only if her employer did not permit her to have a modified work schedule.

Accordingly, the Court declines to consider the new evidence submitted by Plaintiff or to remand this matter to the Commissioner to consider the evidence submitted by Plaintiff with her opening brief.

## CONCLUSION

For these reasons, the Court **AFFIRMS** the decision of the Commissioner and **DISMISSES** this matter pursuant to sentence four of 42 U.S.C. § 405(g).

IT IS SO ORDERED.

DATED this 2nd day of December, 2019.

*Anna J. Brown*
ANNA J. BROWN
United States Senior District Judge